IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEVEN R. WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX CORPORATE SERVICES, a Delaware corporation; MICHAEL BAUTCH, an individual; KEVIN WILCZYNSKI, an individual; DAVID TREASE, an individual; AETNA LIFE INSURANCE COMPANY, a Connecticut corporation; ROCKY MOUNTAIN CARE CLINIC, INC., an expired Utah corporation; JOHN A. GARCIA and CHRISTINA A. BACK individually and doing business as ROCKY MOUNTAIN CARE CLINIC, INC; and ESCREEN, INC, a Delaware corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO AMEND AMENDED COMPLAINT<br><br>Case No. 2:13-CV-37 TS |

This matter is before the Court on Plaintiff's Motion for Leave to Amend Amended Complaint. Through his Motion, Plaintiff seeks leave to file a Second Amended Complaint. Defendants have not responded to Plaintiff's Motion.

1

Where, as in this case, a motion under Rule 12(b) has been served, Federal Rule of Civil Procedure 15(a)(2) dictates that "a party may amend its pleading only with the opposing party's written consent or the court's leave."[1] The Rule specifies that "[t]he court should freely give leave when justice so requires."[2] "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.'"[3] However, the Court may refuse to grant leave to amend where it finds evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[4]

Considering these factors, the Court finds that leave should be granted in this case. The proposed Second Amended Complaint clarifies certain allegations and adds additional factual averments to support Plaintiff's claims. In addressing the motions to dismiss filed by Defendants, the Court has considered not only the Amended Complaint, but also the additional allegations in the proposed Second Amended Complaint. Unless otherwise noted, the additional allegations do not prevent dismissal of those claims the Court has dismissed in its other orders. Further, by allowing amendment the Court is not permitting Plaintiff to reassert those claims dismissed in the other orders, unless specifically mentioned.

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Id*.

[3] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[4] *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

It is therefore

ORDERED that Plaintiff's Motion for Leave to Amend Amended Complaint (Docket No. 48) is GRANTED. Plaintiff is ordered to file his Second Amended Complaint within thirty (30) days of this Order.

DATED   August 21, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge