IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEVEN R. WILLIAMS,<br><br>    Plaintiff,<br><br><br><br><br>    vs.<br><br><br>FEDEX CORPORATE SERVICES, a Delaware corporation; MICHAEL BAUTCH, an individual; KEVIN WILCZYNSKI, an individual; DAVID TREASE, an individual; AETNA LIFE INSURANCE COMPANY, a Connecticut corporation; ROCKY MOUNTAIN CARE CLINIC, INC., an expired Utah corporation; JOHN A. GARCIA and CHRISTINA A. BACK individually and doing business as ROCKY MOUNTAIN CARE CLINIC, INC; and ESCREEN, INC, a Delaware corporation,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS ROCKY MOUNTAIN CARE CLINIC, INC. AND JOHN A. GARCIA'S MOTION TO DISMISS<br><br><br><br><br><br>Case No. 2:13-CV-37 TS |

This matter is before the Court on Defendants Rocky Mountain Care Clinic, Inc. and John

A. Garcia's Motion to Dismiss.  For the reasons discussed below, the Court will grant the Motion

in part and deny it in part.  Specifically, the Court will deny Defendants' Motion to the extent that it argues the Court lacks jurisdiction over Plaintiff's claims against them, but will grant the Motion to the extent that it seeks dismissal of Plaintiff's false light invasion of privacy claim. The Court will also dismiss Defendant John A. Garcia.

## I.  BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and Second Amended Complaint, where appropriate.[1]

Plaintiff is, and at all relevant times was, an employee of FedEx Corporate Services ("FedEx").  Plaintiff is currently a Senior International Account Executive.  In December 2010, FedEx reorganized its International Sales Overlays, resulting in a tripling of Plaintiff's workload. To manage his workload, Defendant frequently worked between sixteen and nineteen hours a day.  Plaintiff made requests to his managers to correct the situation, but his pleas were ignored. Eventually, Plaintiff was forced to take a medical leave of absence due to stress and anxiety.

On November 9, 2011, David Trease ("Trease"), a Regional Sales Manager for FedEx, sent Plaintiff a letter informing him that Aetna Life Insurance Company ("Aetna")—to whom Plaintiff had submitted a short-term disability claim—had claimed that Plaintiff's claim for medical leave was due to an alcohol/drug related illness.  Because Plaintiff had accessed treatment and/or benefits, FedEx determined that Plaintiff had self-reported drug abuse and FedEx required Plaintiff to participate in a substance abuse program for five years.

---

[1]The Court has granted Plaintiff leave to file his Second Amended Complaint by separate order.

Plaintiff was required to report to the Rocky Mountain Care Clinic, Inc. ("Rocky Mountain") for drug testing.  In all, Plaintiff was required by FedEx to take eleven different drug tests, none of which resulted in positive results.  On two occasions, a Rocky Mountain employee told Plaintiff that he had been reported as historically testing positive on previous drug tests.  On these occasions, Plaintiff was able to convince the employee that this information was incorrect and was not required to have his testing witnessed by a drug counselor.  However, on a third occasion, Plaintiff was required to urinate in the presence of a drug counselor.  In his proposed Second Amended Complaint, Plaintiff clarifies that each discussion, during which it was reported that he had tested positive on drug tests, occurred in the presence of and within hearing of other patients in a waiting room.

## II.  MOTION TO DISMISS STANDARDS

A.      RULE 12(b)(1)

A challenge to subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may take one of two forms.  First, a party may bring a facial attack, which "looks only to the factual allegations of the complaint in challenging the court's jurisdiction."[2]  Second, a party may bring a factual attack, which "goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction."[3]  Because

---

[2]*Muscogee (Creek) Nation v. Okla. Tax Comm'n,* 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

[3]*Id*. (citation omitted).

3

Defendants make a facial attack, the same standard applies to Defendants' 12(b)(1) and 12(b)(6)

attacks.[4]

B.      RULE 12(b)(6)

In considering a motion to dismiss for failure to state a claim upon which relief can be

granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from

conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as

the nonmoving party.[5]  Plaintiff must provide "enough facts to state a claim to relief that is

plausible on its face,"[6] which requires "more than an unadorned, the-defendant-unlawfully-

harmed-me accusation."[7]

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements

of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]'

devoid of 'further factual enhancement.'"[8]  "The court's function on a Rule 12(b)(6) motion is

not to weigh potential evidence that the parties might present at trial, but to assess whether the

plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9]

As the Court in *Iqbal* stated,

---

[4] *Id*.

[5] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[8] *Id*. (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[9] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief.[10]

### III.  DISCUSSION

A.    JOHN A. GARCIA

As an initial matter, the Court notes that there are absolutely no allegations against Defendant John A. Garcia and Plaintiff asserts no claims against him.  Both the Amended Complaint and the proposed Second Amended Complaint merely allege that he is the owner of Defendant Rocky Mountain.[11]  There are no allegations that Defendant Garcia had a role in any of the actions complained of by Plaintiff.  Defendants have not argued for dismissal on this ground.  However, because of the dearth of allegations against him, and the fact that no claims have been brought against him, the Court will dismiss Defendant Garcia from this action.

B.    SUPPLEMENTAL JURISDICTION

Defendants first argue that the Court does not have supplemental jurisdiction over the state law claims asserted against them.

---

[10] *Iqbal*, 556 U.S. at 679 (alteration in original) (internal quotation marks and citations omitted).

[11] The same allegation is lodged against Defendant Christina A. Back.  However, Ms. Back has not made an appearance in this case.

28 U.S.C. § 1367(a) provides:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

Under § 1367(c), the Court may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

In making this determination, the Court considers "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."[12]

Based on the above, the Court must make two determinations. The Court must first consider whether it has supplemental jurisdiction over the claims asserted. If the Court does have supplemental jurisdiction, the Court must consider whether it should decline to exercise that jurisdiction.

As stated, § 1367(a) states that the Court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." "A

---

[12] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

claim is part of the same case or controversy if it derives from a common nucleus of operative fact."[13]

Defendants argue that the claims against them are legally and factually distinct from the claims over which this Court has original jurisdiction. While at first blush, this argument is appealing, a closer look reveals that it must be rejected.

The Court has original jurisdiction over Plaintiff's ADA and ERISA claims, none of which have been asserted against Defendants Rocky Mountain. Rather, Plaintiff brings claims against Rocky Mountain for false light invasion of privacy, intrusion upon seclusion, defamation, and intentional infliction of emotional distress. While it is true that these claims are legally distinct from the claims over which the Court has original jurisdiction, all of Plaintiff's claims are factually related.

Each of Plaintiff's claims center around Plaintiff's employment at FedEx. A critical component of Plaintiff's claims concern his allegations that FedEx inappropriately required him to undergo drug treatment, including drug testing. Plaintiff alleges that, as part of the drug testing, he was repeatedly informed that he had failed drug tests in the past and was therefore required to undergo observed collection. These allegations frame not only Plaintiff's ADA claims, but also many of his state law claims, including those lodged against Rocky Mountain. Therefore, the Court finds that all of Plaintiff's claims derive from a common nucleus of operative fact.

_____

[13]*Price v. Wolford*, 608 F.3d 698, 702-03 (10th Cir. 2010) (quotation marks and citation omitted).

The cases relied upon by Defendants in support of their Motion are inapposite.  In *Cook v. Olathe Medical Center, Inc.*,[14] the court declined to exercise supplemental jurisdiction over a state law medical malpractice claim where the only remaining federal claim related to excessive force that allegedly occurred well before the plaintiff was hospitalized.  Additionally, the court declined to exercise jurisdiction under § 1367(c) because the state law claims raised novel issues of state law and predominated over the federal claim.

In *Hudson v. Delta Air Lines, Inc.*,[15] the Eleventh Circuit affirmed the district court's decision declining supplemental jurisdiction over a state law contract claim that was completely unrelated to the ERISA claim at issue.

In this case, there is a clear factual nexus between Plaintiff's federal claims and the state law claims.  Therefore, exercising supplemental jurisdiction is permissible under § 1367(a).

The next question is whether the Court should decline to exercise jurisdiction under § 1367(c).  The Court may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  None of these circumstances are present here.

---

[14] 2011 WL 2790183 (D. Kan. July 14, 2011).

[15] 90 F.3d 451 (11th Cir. 1996).

Further, a consideration of the *Carnegie-Mellon* factors does not support dismissal of Rocky Mountain.  The values of judicial economy, convenience, fairness, and comity are all promoted by exercising supplemental jurisdiction over Plaintiff's state-law claims.

C.      FALSE LIGHT INVASION OF PRIVACY

Defendants next argue that Plaintiff's claim for false light invasion of privacy should be dismissed under Rule 12(b)(6).

"A prima facie case for false light requires a plaintiff to demonstrate that (1) the defendant publicized a matter concerning the plaintiff that placed the plaintiff before the public in a false light, (2) the false light in which the plaintiff was placed would be highly offensive to a reasonable person, and (3) the defendant knew or recklessly disregarded the falsity of the publicized matter and the false light in which the plaintiff was placed."[16]

In this Motion, the element of publicity is at issue.  "For a 'publication' to be effective, the statements must be 'distributed to a large number of persons, or any broadcast over the radio, or a statement made in address to a large audience.'"[17]

The parties conflate the requirements of "publicity" (which is required to prevail on a false light claim) and "publication" (which is required for defamation).  The Restatement (Second) of Torts § 652D, Comment a provides:

---

[16] *Jacob v. Bezzant*, 212 P.3d 535, 544 (Utah 2009).

[17] *Watkins v. Gen. Refractories Co.*, 805 F. Supp. 911, 918 (D. Utah 1992) (quoting Restatement (Second) of Torts § 652D cmt. a (1977)); *see also* Restatement (Second) of Torts § 652E, cmt. a (stating that § 652D cmt. a, is applicable to false light claims).

"Publicity," as it is used in this Section, differs from "publication," as that term is used in § 577 in connection with liability for defamation. "Publication," in that sense, is a word of art, which includes any communication by the defendant to a third person. "Publicity," on the other hand, means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. The difference is not one of the means of communication, which may be oral, written or by any other means. It is one of a communication that reaches, or is sure to reach, the public.

Thus it is not an invasion of the right of privacy, within the rule stated in this Section, to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons. On the other hand, any publication in a newspaper or a magazine, even of small circulation, or in a handbill distributed to a large number of persons, or any broadcast over the radio, or statement made in an address to a large audience, is sufficient to give publicity within the meaning of the term as it is used in this Section. The distinction, in other words, is one between private and public communication.[18]

In their Motion to Dismiss, Defendants argue that Plaintiff's false light claim does not contain factual allegations that Rocky Mountain publicized information about Plaintiff to a third party. In response, Plaintiff argues that Rocky Mountain made statements to its employees that Plaintiff had failed a drug test. Plaintiff also submits a declaration stating that Rocky Mountain's employees made statements about Plaintiff within earshot of others the waiting room.

Defendants object to Plaintiff's declaration. Because the Court's review on a 12(b)(6) motion is limited to the Complaint, this objection is well taken. However, Plaintiff makes similar allegations in his proposed Second Amended Complaint. Defendants have not opposed Plaintiff's motion to amend. Therefore, for the purposes of resolving this Motion, the Court will consider these additional allegations.

---

[18]Restatement (Second) of Torts § 652D cmt. a.

10

Even considering the additional allegations, Plaintiff's false light claim fails.  At most,

Plaintiff alleges that Rocky Mountain publicized statements about Plaintiff to its employees and a

certain number of people who may have overheard the statements while in the waiting room.

This limited amount of disclosure is insufficient to state a claim for false light invasion of

privacy.  As stated, the tort is concerned with communication that reaches the public and it is not

sufficient where disclosure was made to a small group.  Thus, this claim must be dismissed.

D.      DEFAMATION

Defendants also seek dismissal of Plaintiff's defamation claim.  To state a claim for

defamation, Plaintiff "must show that defendants published the statements concerning him, that

the statements were false, defamatory, and not subject to any privilege, that the statements were

published with the requisite degree of fault, and that their publication resulted in damage."[19]

As to this claim, the issue presented is whether the element of publication has been

sufficiently alleged.  "The requirement of 'publication' means that the defamatory statement be

communicated to a third person and that the third person read and understand the statement."[20]

The Court finds that there are sufficient allegations to support Plaintiff's defamation

claim, especially when the additional allegations in the proposed Second Amended Complaint

are considered.  Specifically, Plaintiff has alleged that Rocky Mountain communicated allegedly

defamatory statements to both its employees and to other individuals who were present in the

---

[19]*West v. Thomson Newspapers*, 872 P.2d 999, 1007-08 (Utah 1994).

[20]*DeBry v. Godbe*, 992 P.2d 979, 985 (Utah 1999).

waiting room.  These facts are sufficient to state the element of publication in a defamation claim.  Therefore, the Court will not dismiss this claim.

IV.  CONCLUSION

It is therefore

ORDERED that Defendant Rocky Mountain Care Clinic, Inc. and John A. Garcia's Motion to Dismiss (Docket No. 23) is GRANTED IN PART AND DENIED IN PART.

DATED   August 21, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge