IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN R. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FEDEX CORP. SERVICES, et al.,<br><br>　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION WITHOUT PREJUDICE AND GRANTING PLAINTIFF LEAVE TO AMEND HIS COMPLAINT<br><br><br>Case No. 2:13-CV-37  TS |

　　　　This matter is before the Court on Defendant Aetna Life Insurance Company's ("Aetna") Motion to Dismiss Plaintiff's Breach of Fiduciary Duty Claim for Lack of Subject Matter Jurisdiction and Motion for Partial Judgment on the Pleadings for Failure to State a Claim of Breach of Fiduciary Duty.  For the reasons discussed more fully below, the Court will grant Defendant's Motion without prejudice and grant Plaintiff leave to amend his complaint.

I.  BACKGROUND

　　　　Plaintiff Steven R. Williams ("Mr. Williams") has filed two ERISA claims against Defendant Aetna.  The first is a claim for wrongful withholding of short-term disability benefits under 29 U.S.C. § 1132(a)(1)(B).  The second is a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3).   Before the Court, is Defendant's challenge to Plaintiff's breach of fiduciary duty claim seeking injunctive relief under § 1132(a)(3).

　　　　Plaintiff's breach of fiduciary duty claim stems from a leave of absence taken by Defendant from FedEx Corporate Services ("FedEx") during which he initiated a short-term disability claim through Aetna, the claims administrator.  Aetna asserts that Plaintiff's short-term

1

disability claim was due to drug or alcohol related illness.  Plaintiff, however, denies that the claim was based on such illness.  Rather, Plaintiff argues that his benefits claim was based on stress and anxiety caused by an increased workload at FedEx.  Aetna, believing the claim was based on drug or alcohol related illness, informed FedEx that the claim for medical leave was due to an alcohol or drug related illness.  FedEx informed Plaintiff that accessing treatment or benefits due to an alcohol or drug related illness constituted self-reporting drug or alcohol related abuse.  As a consequence of Plaintiff's constructive self-reporting, FedEx placed Plaintiff in a substance abuse program.

Plaintiff has since resigned from FedEx and now seeks injunctive relief requiring that "Aetna immediately inform FedEx that Mr. Williams did not have a substance abuse problem, that Aetna was incorrect in making any such statements, and that such statements should not be relied upon to require that Mr. Williams participate in any type of drug testing or rehabilitation."[1]

## II.  DISCUSSION

Defendant argues that the Court does not have jurisdiction under Federal Rule of Civil Procedure 12(b)(1) to determine Plaintiff's breach of fiduciary duty claim because Plaintiff is no longer required by FedEx to participate in drug testing or rehabilitation since he is not currently employed by FedEx.  As such, Defendant argues, Plaintiff's claim is constitutionally moot.  Additionally, Defendant argues that Plaintiff has failed to state a claim for which relief can be granted under Rules 12(c) and 12(h)(2)(B).

---

[1] Docket No. 71, at 22.

A.  ARTICLE III STANDING

Rule 12(b)(1) motions can either be facial or factual attacks on the Court's subject matter jurisdiction.[2]  When a facial attack is made, the Court accepts the allegations in the complaint as true.[3]  If the challenging party makes a factual attack "by going beyond allegations made in the complaint and challenging the facts upon which subject matter jurisdiction is based, . . . the court has wide discretion . . . to resolve disputed jurisdictional facts."[4]

Defendant bases its Rule 12(b)(1) Motion on the fact that Plaintiff no longer works at FedEx and does not dispute any other factual allegation.[5]  Although Defendant attacks jurisdiction with factual information outside of Plaintiff's Complaint, Plaintiff does not dispute the fact that he no longer works for FedEx.  Defendant does not bring additional facts from beyond the Complaint, other than the aforementioned fact, to attack the Court's jurisdiction with respect to the breach of fiduciary duty claim.  Therefore, for purposes of the Rule 12(b)(1) Motion, the Court accepts all the factual allegations set forth in the Plaintiff's Complaint as true as well as the undisputed fact that Plaintiff no longer works at FedEx.

---

[2] *Ingram v. Faruque*, 728 F.3d 1239, 1248 (10th Cir. 2013).

[3] *Id.* (internal citation omitted).

[4] *Id.* (internal citation and quotation marks omitted).

[5] Docket No. 88, at 4–5.

"There are three requirements for Article III standing.  First, plaintiff must suffer an injury in fact . . . [second,] the harm complained of [must be] fairly traceable to defendant's conduct . . . [third,] a favorable ruling from the court would redress plaintiff's injury."[6]

Defendant attacks Plaintiff's standing on the basis that there is no ongoing case or controversy and any potential injury is merely hypothetical.

First, Defendant argues that because Mr. Williams no longer works for FedEx, Plaintiff's request that the Court enjoin FedEx from requiring Plaintiff to participate in drug testing or rehabilitation is moot.  Plaintiff concedes that this portion of his claim is moot.

Second, Defendant argues that FedEx retaining personnel files indicating Mr. Williams went on leave or sought short-term disability benefits because of alcohol or drug-related illness causes no injury in fact.  Any injury, Defendant argues, that the personnel records could have on Mr. Williams would be a result of a hypothetical employment search.  Defendant contends that a hypothetical injury cannot be the basis of the Court's jurisdiction to hear the claim.

In *Lujan v. Defenders of Wildlife*,[7] the Supreme Court defined an injury in fact as an injury, which requires "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical."[8]  Defendant argues that harm to hypothetical job searches is not an actual or imminent invasion of a legally protected

---

[6] *Brown v. N.M. State Pers. Office*, 399 F.3d 1248, 1253 (10th Cir. 2005) (citing *Essence, Inc. v. City of Fed. Heights*, 285 F.3d 1272, 1280 (10th Cir. 2002)) (internal quotation marks omitted).

[7] 504 U.S. 555 (1992).

[8] *Id.* at 560.

interest.⁹  Because there is no injury in fact, Defendant argues that the Court has no jurisdiction to decide the breach of fiduciary duty claim.

Plaintiff argues that the personnel files FedEx maintains can have a real impact on his ability to obtain future work and can damage his reputation.  Although this injury is not specifically alleged in Plaintiff's Second Amended Complaint, Defendant makes no effort to dispute the fact that such an injury could occur.

Plaintiff also argues that he has an interest in sensitive information being held by a former employer.  Plaintiff relies on *Church of Scientology v. United States*¹⁰ for support.  In *Church of Scientology*, the Internal Revenue Service obtained sensitive information about the Plaintiff, which was subject to attorney-client privilege.¹¹  The Supreme Court found that the Plaintiff had standing to seek a remedy from the Court to protect its privacy interest in the sensitive information.¹²  The Court found that "[w]hile a court may not be able to return the parties to the *status quo ante* . . . a court can fashion *some* form of meaningful relief."¹³

In this case, Plaintiff argues that the Court could enjoin FedEx to correct its personnel files to reflect accurate information about the reason for Mr. Williams's leave and request for short-term disability benefits.  If, after a review of the administrative record, the Court finds that Mr. Williams's disability benefits were wrongfully denied and the denial was based on erroneous information, the Court could require FedEx to correct Mr. Williams's personnel file.

---

⁹ Docket No. 111, at 2–3 (citing *Disability Law Ctr. v. Millcreek Health Ctr.*, 428 F.3d 992, 996 (10th Cir. 2005)).

¹⁰ 506 U.S. 9 (1992).

¹¹ *Id.* at 13.

¹² *Id.*

¹³ *Id.* (emphasis in original).

Admittedly, the probability that FedEx would share false, damaging information about Mr. Williams to future employers is low.  It would require the Court to find the information is false—meaning that the benefits were wrongfully denied because Mr. Williams's illness was not based on alcohol or drug related illness.  It would also require Mr. Williams to disclose that he worked at FedEx to a future employer, the future employer to contact FedEx, and FedEx to decide to share information about Mr. Williams's leave of absence as well as his participation in the drug abuse program with the future employer.  Although the probability is low, the potential damage is significant.  Additionally, having potentially damaging information in the files of a former employer does not merely cause the potential for injury but causes actual and imminent injury in the form of anxiety and uncertainty.

Upon examination of the Complaint, however, Plaintiff does not allege such injuries. The only allegation that comes close to claiming such injuries is Plaintiff's claim that "his private medical information has been shared with his supervisors and co-workers."[14]  This falls short of properly stating a claim to support the Court's jurisdiction.

Therefore, the Court will grant Defendant's Motion without prejudice, but will allow Plaintiff to amend his Complaint to allege the type of injury to support the Court's jurisdiction. Specifically, Plaintiff needs to allege how he has an actual interest in his personnel records and how he is injured by FedEx's maintenance of those records.

B.  FIDUCIARY DUTY CLAIM

Defendant argues that Plaintiff's breach of fiduciary duty claim should be dismissed under Rule 12(c).

---

[14] Docket No. 71, at 18.

A motion for judgment on the pleadings under Rule 12(c) is decided under the same standard as a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted.[15] In considering a Rule 12(b)(6) motion, all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[16] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[17] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[18] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[19] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[20]

In this case, Defendant first argues that Plaintiff has not sufficiently alleged his breach of fiduciary duty claim because Aetna does not owe a fiduciary duty to Plaintiff. Second, Defendant argues that Plaintiff's breach of fiduciary duty claim is precluded under ERISA by his § 1132(a)(1)(B) claim.

---

[15] *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000).

[2] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[6] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

As to the first assertion, Defendant argues that Aetna does not owe a fiduciary duty to Plaintiff because Aetna's fiduciary duty is with respect to the plan and not with respect to the beneficiaries or participants of the plan. Defendant states, "ERISA expressly provides that 'a fiduciary shall discharge his duties with *respect to a plan* solely in the interest of the participants and beneficiaries.'"[21] Defendant relies on *Atwood v. Swire Coca-Cola*[22] for the proposition that Plaintiff cannot bring its claim of breach of fiduciary duty against Aetna because the duty is owed to the plan under 29 USC § 1109(a).[23]

Defendant is correct that under § 1109(a), the fiduciary duty is with respect to the plan and that the remedy under § 1109(a) is to make the plan whole. Defendant, however, misunderstands Plaintiff's claim. Plaintiff's cause of action is for breach of fiduciary duty under § 1132(a)(3), which specifically allows for plan participants and beneficiaries to bring civil actions to obtain equitable relief to redress violations of Title I of ERISA.

In *Varity Corp v. Howe*,[24] the Supreme Court held that individual plaintiffs may use § 1132(a)(3) to seek an equitable remedy for a breach of a fiduciary duty.[25] The Court interpreted this section of ERISA as the catchall provision offering appropriate relief for injuries caused by ERISA violations not otherwise covered.[26]

---

[21] Docket No. 88, at 7 (quoting 29 USC § 1104(a)(1)(1)–(B)) (emphasis added by Defendant).

[22] 482 F. Supp. 2d 1305 (D. Utah 2007).

[23] *Id.* at 1313 (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 US 134, 140–44 (1985)).

[24] 516 U.S. 489 (1996).

[25] *Id.* at 512.

[26] *Id.* at 511.

In this case, Plaintiff seeks an equitable remedy for a breach of fiduciary duty owed to Mr. Williams by Aetna. Therefore, the Court finds unpersuasive Defendant's argument that Plaintiff has not adequately alleged a breach of fiduciary duty claim because Aetna's fiduciary duty is with respect to the plan.

Defendant also argues that Plaintiff's breach of fiduciary duty claim under § 1132(a)(3) is precluded by his claim to recover benefits due to him under § 1132(a)(1)(B).

In *Varity*, the Supreme Court interpreted § 1132(a)(3) to allow, under appropriate circumstances, a claim for equitable relief when § 1132 affords no alternative means for relief.[27] The Court stated, "[W]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate."[28] Therefore, Plaintiff is only permitted to bring a § 1132(a)(3) in conjunction with his § 1132(a)(1)(B) claim if there is an appropriate need for equitable relief.

In *Gore v. El Paso Energy Corporation Long Term Disability Plan*,[29] the Sixth Circuit determined when simultaneous § 1132(a)(1)(B) and §1132(a)(3) claims would be appropriate. The court held that a plaintiff could bring both a § 1132(a)(1)(B) claim and a § 1132(a)(3) claim if the claims were directed toward remedying two different injuries, even if the two claims sought the same remedy.[30]

---

[27] *Id.* at 515.

[28] *Id.* (internal citations and quotation marks omitted).

[29] 477 F.3d 833 (6th Cir. 2007).

[30] *Id.* at 841.

9

The plaintiff in *Gore* claimed his disability benefits were wrongfully denied and he was misled about the extent of his coverage. The plaintiff sought the entirety of his denied benefits to remedy both of his injuries. The circuit court reasoned that if the plaintiff lost his § 1132(a)(1)(B) claim for wrongful denial of benefits he would not be made whole if, in fact, his § 1132(a)(3) claim for misrepresentation were valid. Therefore, the plaintiff was permitted to bring both claims simultaneously to ensure he could be made whole.

In this case, Plaintiff seeks an equitable remedy in addition to the award of disability benefits. If, upon examination of the record, the Court determines that Mr. Williams was wrongfully denied his disability benefits and that his illness was not related to drug or alcohol abuse, his personnel record at FedEx would contain erroneous and damaging information about Mr. Williams. Having determined previously that this would be an actual and imminent injury, equitable relief, in addition to his awarded benefits, would be appropriate to make Mr. Williams entirely whole.

Defendant argues that the injury that Plaintiff alleges to support his breach of fiduciary duty claim is not alleged in Plaintiff's Complaint.[31] Although Plaintiff argues in his response to Defendant's Motion that FedEx's maintenance of an erroneous personnel file causes an injury, no such allegation is made in the Complaint. Indeed, the only alleged injury in the Complaint that comes close to asserting the type of injury that would merit equitable relief is that "[Mr. Williams's] private medical information has been shared with his supervisors and co-workers."[32] This alone is insufficient to support Plaintiff's breach of fiduciary duty claim under the Rule

---

[31] Docket No. 111, at 3–4.

[32] Docket No. 71, at 18.

12(c) standards set forth above.  Because Plaintiff has not sufficiently alleged the harm necessary to support simultaneous § 1132(a)(1)(B) and §1132(a)(3) claims, the Court will grant Defendant's Motion, but without prejudice to allow Plaintiff to amend his Complaint to allege such an injury.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss and Motion for Partial Judgment on the Pleadings (Docket No. 88) is GRANTED without prejudice.  It is further

ORDERED that Plaintiff is granted leave to amend his Complaint.  Plaintiff is directed to file an Amended Complaint within thirty (30) days of this Order.

DATED this 20th day of January, 2015.

BY THE COURT:

_____
Ted Stewart
United States District Judge